IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2016 AUG -9 P 2: 09
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:16-cv-650 ) |
| DWAYNE A. EDWARDS and TODD BARKER, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, a national banking association in its role as Trustee under the Indenture hereafter described (the "**Plaintiff**"), by and through its undersigned counsel, brings this Complaint against Defendants, DWAYNE A. EDWARDS, a resident citizen of the State of Georgia, and TODD BARKER, a resident citizen of the state of Georgia (collectively, the "**Defendants**"), and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff, U.S. Bank National Association, is a national banking association formed pursuant to the laws of the United States of America having its principal place of business in St. Paul, Minnesota. Plaintiff brings this suit in its capacity as trustee pursuant to that certain Trust Indenture between it, as Trustee, and The Medical Clinic Board of the City of Opelika, Alabama, as Issuer (the "**Issuer**"), dated as of September 1, 2015.

2.  Defendant Dwayne A. Edwards ("**Edwards**") is an individual resident of the State of Georgia.

27734184 v2

3. Defendant Todd Barker ("**Barker**") is an individual resident of the State of Georgia.

## JURISDICTION

4. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."

5. Plaintiff is a national banking association formed under the laws of the United States with its principal place of business in the State of Minnesota and is deemed a citizen of the State of Minnesota for purposes of the diversity jurisdiction of this court.

6. Defendant Edwards is a citizen of a state other than the State of Minnesota, and, upon information and belief, is a citizen of the State of South Carolina.

7. Defendant Barker is a citizen of a state other than the State of Minnesota, and, upon information and belief, is a citizen of the State of Georgia.

8. The amount in controversy in this action clearly exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9. This Court has jurisdiction under 28 U.S.C. § 1332(a), as amended, by virtue of the diversity of citizenship of the parties and the amount in controversy.

## VENUE

10. Venue of this case before this Court is proper because the project that is the subject matter of the claims, and for which the sums sought to be recovered were expended, is located in the City of Opelika, Lee County, Alabama.

## FACTUAL ALLEGATIONS

11.     On or about September 24, 2015, the Plaintiff and the Issuer entered into that certain Trust Indenture dated as of September 1, 2015 (the "**Indenture**"), pursuant to which the Plaintiff agreed to serve as Trustee for Issuer with respect to the transactions outlined therein.

12.     Acting pursuant to the provisions of the Indenture, the Issuer issued the following bonds (the "**Bonds**"):

> $7,450,000 First Mortgage Healthcare Facility Revenue Bonds (Opelika ALF, LLC Project), Series 2015A
>
> $700,000 First Mortgage Healthcare Facility Revenue Bonds (Opelika ALF, LLC Project) Series 2015B (Taxable)

13.     The Bonds were sold to investors pursuant to the Official Statement of the Issuer dated September 24, 2015. The sale proceeds were received by the Trustee and deposited into the various funds provided for in the Indenture.

14.     The proceeds from the sale of the Bonds were intended (i) to finance the costs of acquiring, renovating, and expanding a specialty care assisted living facility located at 1001 Fox Run Parkway, Opelika, Alabama 36801 (the "**Facility**"), (ii) to provide certain initial deposits into the funds and accounts established under the Indenture, including a debt service reserve fund for the Bonds, and (iii) to pay certain costs of issuance of the Bonds (all three collectively, the "**Project**").

15.     As a part of the Project, the Issuer acquired title to the Facility and leased it to Opelika ALF, LLC, a Georgia limited liability company, (the "**Lessee**") pursuant to a Lease Agreement dated as of September 1, 2015 (the "**Lease**").

16.     The Lease provides, *inter alia,* that the Lessee will make payments to the Plaintiff no later than the fourth Business Day before the last day of each month, beginning with October,

2015, in an amount equal to the net interest payment coming due on the Bonds on the next interest payment date, each of which occurs on the first of the month (the "**Interest Payment**").

17. In addition to the Interest Payment, the Lease requires payment of an ad valorem tax deposit on a monthly basis, payment of amounts necessary to replenish the Debt Service Reserve Fund, and payment of certain other fees and obligations.

18. Beginning with the payment due four Business Days prior to May 1, 2016, Lessee has failed to make payments required under the terms of the Lease.

19. As of August 1, 2016, the Interest Payments owed, unpaid and delinquent by Lessee equal $189,368.54. In addition, Lessee owes $189,368.54 for replenishment of the Debt Service Reserve Fund and unpaid ad valorem tax deposits, as well as regular and extraordinary trustee fees and trustee out-of-pocket costs and expenses. These amounts continue to accrue on a monthly basis and are in default.

20. Defendants are each a party to that certain Limited Guaranty Agreement dated as of September 1, 2015, between Defendants, as Guarantors, and the Plaintiff, a true and correct copy of which is attached hereto as Exhibit "A" (the "**Guaranty Agreement**"). The obligations of the Defendants under the Guaranty Agreement are joint and several.

21. Pursuant to the terms of the Guaranty Agreement, the Guarantors have guaranteed for the benefit of the Plaintiff the payment of all obligations of the Lessee under the Lease, including, specifically, but without limitation, the obligation to make payments from time to time to the Plaintiff in amounts sufficient for the Trustee to pay, as and when due, all principal of, premium if any, and interest on the Bonds, and all additional payments required thereunder.

22. The Guaranty Agreement further obligates the Guarantors to pay all expenses and charges (including court costs and reasonable attorneys' fees) paid or incurred by the Issuer or by the Plaintiff in enforcing the obligations of the Defendants under the Guaranty Agreement.

23. The Guaranty Agreement provides that if the Defendants fail to make any payment required of them thereunder, the Plaintiff, in its sole discretion, shall have the right to proceed first and directly against the Defendants under the Guaranty Agreement without being required to proceed against or exhaust any other remedies which it may have and without resorting to any other security then held by it.

24. Following failure on the part of the Lessee to make payments due under the Lease, Plaintiff made three separate demands upon Guarantors to honor their respective obligations under the Guaranty Agreement to make such payments. True and correct copies of the demand letters, one dated May 31, 2016, one dated June 30, 2016, and one dated August 1, 2016, from Plaintiff to Defendants are attached hereto as Exhibits "B," "C," and "D".

25. Defendants have failed to make payments required under the terms of the Guaranty Agreement and are in breach of its provisions.

26. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

## COUNT I
### Breach of the Dwayne A. Edwards Guaranty
(against Dwayne A. Edwards)

27. Plaintiff re-alleges the allegations in paragraph 1 through 26 above as if fully stated herein.

28. This is an action for breach of guaranty against Dwayne O Edwards for damages exceeding $75,000, exclusive of interest and costs.

29. Lessee defaulted under the Lease, as described above, and Edwards breached the guaranty obligations set forth in the Guaranty Agreement by failing to make payments as required therein.

30. As of August 1, 2016, Edwards is indebted to Plaintiff under the Guaranty Agreement in an amount not less than $189,368.54 for unpaid payments under the Lease, which amount continues to accrue on a monthly basis. Edwards also owes Plaintiff other amounts provided for in the Guaranty Agreement and in the Lease. Said amounts are delinquent and in default.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on its behalf:

(a) awarding damages in an amount to be determined at trial;

(b) awarding attorneys' fees and costs and expenses in accordance with the Guaranty Agreement; and

(c) awarding such other and further relief as it deems just and proper.

## COUNT II
### Breach of the Todd Barker Guaranty
**(against Todd Barker)**

31. Plaintiff re-alleges the allegations in paragraph 1 through 26 above as if fully stated herein.

32. This is an action for breach of guaranty against Todd Barker for damages exceeding $75,000, exclusive of interest and costs.

33. Lessee defaulted under the Lease, as described above, and Barker breached the guaranty obligations set forth in the Guaranty Agreement by failing to make payments as required therein.

34. As of August 1, 2016, Barker is indebted to Plaintiff under the Guaranty Agreement in an amount not less than $189,368.54 for unpaid payments under the Lease, which amount continues to accrue on a monthly basis. Barker also owes Plaintiff other amounts provided for in the Guaranty Agreement and in the Lease. Said amounts are delinquent and in default.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on its behalf:

(a) awarding damages in an amount to be determined at trial;

(b) awarding attorneys' fees and costs and expenses in accordance with the Guaranty Agreement; and

(c) awarding such other and further relief as it deems just and proper.

## COUNT III
### Contractual Indemnity/Attorneys' Fees and Expenses
(against all Defendants)

35. Plaintiff re-alleges the allegations in paragraph 1 through 34 above as if fully stated herein.

36. The Guaranty Agreement requires the payment of all amounts for costs including attorneys' fees incurred in connection with any breach or default thereunder or incurred in order to enforce or interpret the terms or provisions of the Guaranty Agreement.

37. Plaintiff has incurred and will continue to incur legal fees and other costs and expenses for which Defendants are responsible pursuant to the terms of the Guaranty Agreement and is entitled to recover the same from Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on its behalf:

(a) awarding attorneys' fees and costs and expenses in accordance with the Guaranty Agreement; and

-7-

(b)   awarding such other and further relief as it deems just and proper.

Respectfully submitted this 9th day of August, 2016.

                         Victor L. Hayslip (ASB-6132-H31V)
                         Michael R. Dodson (ASB-1816-Y08L)

*Attorneys for U.S. Bank National Association, as Trustee*

**OF COUNSEL:**

BURR & FORMAN LLP
420 20th St., North, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
vhayslip@burr.com
mdodson@burr.com


**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL**

Dwayne A. Edwards
850 Carroll Road
Latta, South Carolina 29565

Todd Barker
1029 Cherokee Rd.
Perry, Georgia 31069