IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CASE NO. 3:16-CV-650-WKW [WO] |
| DWAYNE A. EDWARDS, TODD BARKER, OPELIKA ALF, LLC, and THE MEDICAL CLINIC BOARD OF THE CITY OF OPELIKA, ALABAMA, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

On August 9, 2016, Plaintiff U.S. Bank National Association ("U.S. Bank") filed this action against Defendants Dwayne A. Edwards, Todd Barker, Opelika ALF, LLC, and the Medical Clinic Board of the City of Opelika. U.S. Bank amended its complaint on October 3, 2016, predicating subject-matter jurisdiction on diversity of the parties. *See* 28 U.S.C. § 1332(a). The court now, in accordance with its duty, calls attention to U.S. Bank's failure to plead facts establishing complete diversity of citizenship. *See Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (explaining that federal courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim"). *Sua sponte*

examination of the governing complaint's jurisdictional allegations is especially crucial because U.S. Bank has moved, on an expedited basis, for the appointment of a receiver.

Diversity jurisdiction requires that no plaintiff be a citizen of the same state as any defendant.  § 1332(a)(1).  The burden of establishing subject-matter jurisdiction lies with the plaintiff.  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  For the following reasons, U.S. Bank has failed to plead adequately its own citizenship, as well as the citizenship of Edwards, Barker, and Opelika ALF, LLC, leaving the court unable to determine whether complete diversity of citizenship exists.  The absence of sufficient allegations of citizenship, however, is not necessarily fatal to the court's exercise of subject-matter jurisdiction.  "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.

**A.     Citizenship of U.S. Bank**

U.S. Bank avers that it is a "national banking association formed pursuant to the laws of the United States of America, having its principal place of business in St. Paul, Minnesota." (Doc. # 6, at 1.) National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity jurisdiction, the Supreme Court has held that a national

banking association is a citizen of the state in which its main office is located.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

U.S. Bank asserts that its principal place of business is in Minnesota, but it does not allege the location of its main office.  Although the Eleventh Circuit has never ruled on the issue, other circuits have disagreed about whether a bank is "located" where it keeps its "principal place of business" for purposes of § 1348 citizenship.  *Compare Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 709 (8th Cir. 2011) ("[W]e hold that, pursuant to § 1348, a national bank is a citizen only of the state in which its main office is located."), *with Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004), *cert. denied*, 546 U.S. 1149 ("We hold that the definition of 'located' is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association."). District courts have differed on this issue, but several have interpreted § 1348 and the Supreme Court's holding in *Schmidt* to require that a national bank's main office location be specifically asserted before its citizenship can be determined.  *See, e.g.*, *PNC Bank, N.A. v. Bonta Farms, Inc.*, No. 2:13cv289, 2013 WL 4747085, at *1 (M.D. Fla. Sept. 4, 2013).  Given the uncertainty in this area of law, U.S. Bank must amend its complaint to specifically allege the location of its main office.

### B.   Citizenship of Edwards and Barker

U.S. Bank further alleges that Edwards is a resident of South Carolina and Barker is a resident of Georgia. (Doc. # 6, at 2.) However, "[r]esidence alone is not enough" to establish the citizenship of an individual for the purpose of diversity jurisdiction. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). An individual's citizenship is determined by his or her domicile, and "domicile requires both residence in a state and an intention to remain there indefinitely." *Id.* (internal quotation marks omitted). Because U.S. Bank has only alleged the residences of Edwards and Barker, not their domiciles, it has not properly pleaded their citizenship for the purpose of diversity jurisdiction.

### C.   Citizenship of Opelika ALF, LLC

U.S. Bank alleges that Opelika ALF, LLC, is a "limited liability company organized under the laws of the State of Georgia having its principal place of business located in Lee County, Alabama." (Doc. # 6, at 2.) A limited liability company is a citizen of every state of which any of its members is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holidays, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). Moreover, "[t]he burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the

burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]  Thus, the burden of pleading here is on U.S. Bank because, as a plaintiff filing suit in federal court, it is invoking this court's jurisdiction.[2]

A potential problem arises, however, if under Georgia law the ownership structure of limited liability companies is not information that is publicly available and U.S. Bank is not otherwise privy to facts revealing the citizenship of the Defendant LLC.  In this scenario, the law appears to require that which is practically impossible—that is, for a plaintiff to allege the domiciles of each member of a defendant LLC so as to plead properly this court's diversity jurisdiction, when that plaintiff has no knowledge of who the members are or where they maintain domiciles.  *See Rolling Greens*, 374 F.3d at 1022 ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . .").

The conundrum is that, for purposes of pleading in federal court, the plaintiff finds itself between the rock of Rule 11 and the hard place of alleging diversity jurisdiction.  If there is no mechanism for tracing the potentially multiple layers of a

---

[1] *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that Fifth Circuit decisions handed down prior to the close of business on September 30, 1981, are binding on the Eleventh Circuit).

[2] U.S. Bank has not perfected service on all Defendants, and the time for Defendants to answer or otherwise respond to the amended complaint has not run.  Thus, presently subject-matter jurisdiction is unchallenged.

Defendant's LLC citizenship prior to filing a complaint in federal court, a plaintiff could run the risk of violating Rule 11 for alleging unsupported jurisdictional allegations. *See* Fed. R. Civ. P. 11. The court is not aware of any authority, and in the short time since the filing of the amended complaint has not found any, that makes an accommodation in federal pleading for the convergence of Rule 11 and the apparent necessity of pleading unknown and unknowable member identities in LLC parties.[3]  *Cf. Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007) ("We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice—without seriously testing the limits of compliance with Rule 11."), *overruled on other grounds by Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).

---

[3] *Mallory & Evans Contractors & Engineers, LLC*, and *Rolling Greens* did not confront this potential problem. In each case, the LLC was the party asserting federal jurisdiction, and the LLC had failed to allege properly its own citizenship of which it obviously would have been aware. *See Mallory & Evans Contractors & Eng'rs, LLC*, 663 F.3d at 1305; *Rolling Greens*, 374 F.3d at 1022. Moreover, *Rolling Greens* is a removal case, not a case originally filed in federal court. Although *Rolling Greens* has not garnered negative treatment, a subsequent Eleventh Circuit decision addressing the sufficiency of diversity jurisdictional facts in the notice of removal potentially casts a cloud on a requirement that the original notice of removal identify with specificity the citizenship of all parties. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (A notice of removal alleging "'that the controversy . . . is entirely between citizens of different states,' although conclusory in nature and possibly not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment." (quoting *Firemen's Ins. Co. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961))).

But there may be a simpler answer in the facts of this case. It may be that U.S. Bank has obtained the names and identifying information of Opelika ALF, LLC's members and therefore can allege such in an amended complaint. It may be then that the amended complaint's defect reflects merely deficient allegations of jurisdiction of which U.S. Bank has knowledge and can correct. The court nevertheless notes the near impossibility of sufficiently alleging domicile for members of an LLC for which U.S. Bank has no or only limited information. This prickly problem is potentially a potent one for our parliament to ponder, a conundrum for Congress, but not this court, to put right. *See Rolling Greens*, 374 F.3d at 1021–22 ("Congress, if it so chooses, is capable of adjusting the rules of diversity jurisdiction to account for unincorporated associations.").

As discussed at the hearing on October 13, 2016, if U.S. Bank has sufficient information to plead the citizenship of each member of Opelika ALF, LLC, it should file an amended complaint specifically alleging the LLC's citizenship. *See* 28 U.S.C. § 1653. Should U.S. Bank require jurisdictional discovery to ascertain the identity and citizenship of the members of Opelika ALF, LLC, it should move for jurisdictional discovery and that motion will be granted.

**D.     Conclusion**

As it currently stands, U.S. Bank's amended complaint (Doc. # 6) fails to satisfy the prerequisites of subject-matter jurisdiction. Thus, it is ORDERED that,

on or before **October 19, 2016**, U.S. Bank shall file a second amended complaint or, alternatively, move for jurisdictional discovery as discussed herein and at the October 13, 2016 hearing.

DONE this 14th day of October, 2016.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE