IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )    CASE NO. 3:16-CV-650-WKW ) [WO] |
| DWAYNE A. EDWARDS, *et al.*, | ) ) |
| Defendants. | ) |

## **ORDER**

Before the court is Plaintiff's Motion for Default Judgment Against Defendant Dwayne A. Edwards. (Doc. # 39.) On January 20, 2017, the Clerk entered default against Edwards. (Doc. # 36.) And the well-pleaded allegations of the complaint state a cause of action arising from Defendant's breach of his financial obligations under the Guaranty Agreement. (*See* Doc. # 1.) However, for the reasons that follow, default judgment is inappropriate at this time.

Where the liability of one defendant is intertwined with the liability of another defendant, the United States Supreme Court's decision in *Frow v. De La Varga*, 82 U.S. 552 (1872), counsels against entry of judgment against the defaulting defendant until the liability of the non-defaulting defendant is adjudicated. The Court in *Frow* explained:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants.  The defaulting defendant has merely lost his standing in court.  He will not be entitled to service of notices in the cause, nor to appear in it in any way.  He can adduce no evidence, he cannot be heard at the final hearing.  But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike – the defaulter as well as the others.  If it be decided in the complainant's favor, he will then be entitled to a final decree against all.  But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Id.* at 554.  Discussing the *Frow* rule, the Eleventh Circuit has cautioned that, in multi-defendant cases, "even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."  *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).  The court highlighted the inconsistency that would occur if a plaintiff obtained a default judgment against one defendant on a contract before ultimately losing at trial against another defendant on the same contract.  *See id.*  Such a result would be "incongruous and unfair."  *Id.*

Here, Plaintiff alleges that "[t]he Obligors [*i.e.*, Defendants Edwards and Barker], jointly and severally, owe said amount to U.S. Bank." (Doc. # 16, at 12.) Defendant Barker is not in default, and the proceedings against him are in their infancy.  Delaying final judgment against Edwards until the conclusion of this action against Barker avoids the risk of inconsistent judgments and comports with *Frow*.

Accordingly, it is ORDERED that Plaintiff's Motion for Default Judgment Against Defendant Dwayne A. Edwards (Doc. # 39) is DENIED without prejudice.

DONE this 17th day of March, 2017.

                                              /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE